1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

ABEYOMI ELMOOR BEY,

11                              Plaintiff,

12        v.

13

14    DANIEL T. SATTERBERG,

15                              Defendant.

CASE NO. C18-00033 RAJ

ORDER

16

17        This matter comes before the Court *sua sponte.* For the reasons that follow, the

18    Court **DISMISSES** *pro se* Plaintiff Abeyomi Elmoor Bey's complaint with leave to

19    amend. Dkt. # 3.

20        On January 9, 2018, Plaintiff filed this action against Defendant, King County

21    Prosecutor Daniel T. Satterberg. Dkt. # 1. Plaintiff appears to be challenging a

22    complaint in a criminal matter in the King County District Court. Dkt. # 3 at 7. Plaintiff

23    also submitted an application to proceed *in forma pauperis*. Dkt. # 1. The Honorable

24    James P. Donohue granted the application. Dkt. # 2.

25        The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C.

26    § 1915. The Court is required to dismiss an *in forma pauperis* plaintiff's case if the Court

27    determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on

1    which relief may be granted; or (iii) seeks monetary relief against a defendant who is

2    immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also See Lopez v. Smith*, 203

3    F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis

4    complaints, not just those filed by prisoners."). A complaint is frivolous if it lacks a basis

5    in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails

6    to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl.*

7    *Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

8         "The legal standard for dismissing a complaint for failure to state a claim under 28

9    U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal

10   Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. 14-378-RSM, 2014 WL

11   1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule

12   12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule

13   requires the court to assume the truth of the complaint's factual allegations and credit all

14   reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903,

15   910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to

16   relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

17   Where a plaintiff proceeds *pro se*, the court must construe the plaintiff's complaint

18   liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing

19   *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

20        Before proceeding further with this matter, the court is obligated to determine

21   whether it has subject matter jurisdiction. *Moore v. Maricopa County Sheriff's Office*,

22   657 F.3d 890, 894 (9th Cir. 2011); Fed. R. Civ. Proc. 12(h)(3) ("If the court determines at

23   any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

24   Absent jurisdiction, any determination on the merits would be void. *Watts v. Pickney*,

25   757 F.2d 406, 409 (9th Cir. 1985). Plaintiff attaches what appears to be state court

26   records as exhibits to his Complaint, including the referenced state court complaint, an

27   affidavit, and a notice of removal. Dkt. # 3. While it is unclear whether the criminal

matter referenced in the Complaint is ongoing, to the extent that it is, this Court has no jurisdiction over that matter.

To the extent that Plaintiff is attempting to remove that matter to this Court, he provides no basis for removal. Dkt. # 3 Ex. 2. Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants." Original jurisdiction may be based on diversity or the existence of a federal question, as set forth in 28 U.S.C. §§ 1331 and 1332. District courts have diversity jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Plaintiff makes no allegations that support a finding of federal question jurisdiction or diversity jurisdiction.

Even assuming that the Court did have jurisdiction over this matter, and taking all allegations in the light most favorable to the Plaintiff, the Complaint fails to state a claim showing that he is entitled to relief. Plaintiff appears to be disputing his state charges of Driving While License Suspended/Revoked In The Third Degree and Refusal To Give Information/Cooperate With Officer. Dkt. # 3 at 7. Plaintiff cites to several state law cases, the Constitution, and international law, but provides no further detail as to how any of these laws are relevant to his claim or how Defendant violated any rights related to these laws. Dkt. # 3. He also alleges that he is not subject to the laws of the United States and is subject only to the "Divine Constitution and By-Laws of the Moorish Science Temple of America." *Id*. Plaintiff alleges that his due process rights have been violated, but none of his allegations establish how Defendant violated these rights. Taking these allegations as true and construing them liberally, the Court concludes that Plaintiff's Complaint is frivolous and fails to state a valid claim for relief.

For the reasons stated above, the Court **DISMISSES** Plaintiff's Complaint. Dkt. # 3. **Within fourteen (14) days from the date of this Order**, Plaintiff may file an

1  amended complaint addressing the deficiencies addressed above.  If Plaintiff does not file

2  an amended complaint within that timeframe, or if Plaintiff files an amended complaint

3  that does not state a cognizable claim for relief or is otherwise untenable under § 1915(e),

4  the Court will dismiss the action.

5

6

7      Dated this 19th day of March, 2018.

8

9

10

11  _____

The Honorable Richard A. Jones
United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27